```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

THE UNITED STATES OF AMERICA EX REL, @RealRepublicParty, COUNTY CONGRESS OF FLORIDA, (ngo), CHARLOTTE COUNTY CONGRESS, (ngo), CHARLOTTE COUNTY ASSEMBLY, (ngo), UNITED STATES COUNTY CONGRESS, (ngo), UNITED COUNTIES OF AMERICA, (ngo), PAUL L. NALLY, MICHAEL A. ZARZANO, CYNTHIA D. COMPTON, GEORGE DENISCO, and KIMBERLY HOECHSTETTER,

        Petitioners,

        Case No:  2:21-cv-750-JES-MRM

## ORDER

This matter comes before the Court on review of the *pro se* Petition to the United States Grand Jury for Criminal Violations of Civil Rights (Doc. #1) filed on October 8, 2021.

The Petition identifies several petitioners, including "The United States of America, ex rel., @realRepublicanParty".  The Petition is only signed and submitted by Cynthia King who resides in Port Charlotte, Florida, but Ms. King is not identified as a petitioner in the case.  No addresses have been provided for any of the petitioners.  The filing fee has not been paid, and no request to proceed *in forma pauperis* was submitted with the Petition.

"Membership or special admission in the Middle District bar is necessary to practice in the Middle District." M.D. Fla. R. 2.01(a). "A party, other than a natural person, can appear through the lawyer only." M.D. Fla. R. 2.02(b)(2). Ms. King is not registered as admitted to the Middle District of Florida, and she has not provided any Bar number or indication that she is admitted to practice in any State or the District of Columbia. As such, Ms. King cannot appear on behalf of others in a representative capacity.

"In all courts of the United States the parties may plead and conduct their **own cases** personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added). As noted above, none of the petitioners signed the Petition on their own behalf.

To the extent that Ms. King seeks to bring suit on behalf of the United States, "[t]he United States is the real party in interest in a qui tam action under the FCA[1] even if it is not controlling the litigation." United States v. R&F Properties of Lake Cty., Inc., 433 F.3d 1349, 1359 (11th Cir. 2005) (citations omitted). However, a *pro se* person cannot maintain a *qui tam* suit

---

[1] Under the False Claims Act, "[a] person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government." 31 U.S.C. § 3730(b)(1).

under the False Claims Act. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). There is no indication that Ms. King is anything but an individual and non-attorney seeking to petition the Court on behalf of others.

The "Petitioners" "call the attention of this Honorable Grand Jury to the fact that several of these Petitioners are witnesses to illegal acts related to the casting and/or tabulating of votes in this Presidential Election Cycle calling into question the validity of any certified result." (Doc. #1, p. 2.) To the extent that a special grand jury is sought, Ms. King runs into the same barrier as an individual and non-attorney,

> It shall be the duty of each such grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district. Such alleged offenses may be brought to the attention of the grand jury **by the court or by any attorney appearing on behalf of the United States** for the presentation of evidence. Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation.

18 U.S.C. § 3332(a) (emphasis added). As the "Presidential Election process" is not a "criminal activity in the district" warranting the summoning of a grand jury, the Court declines to certify the need for a special grand jury. 18 U.S.C. § 1331(a).

Considering these barriers to proceeding, the Court will dismiss the Petition without prejudice to Ms. King filing an amended petition on her own behalf as a petitioner. Each petitioner will be required to bring his or her own separate petition in a separate case if they wish to proceed.

Accordingly, it is hereby

**ORDERED:**

1. Cynthia King's Petition to the United States Grand Jury for Criminal Violations of Civil Rights (Doc. #1) is **DISMISSED** without prejudice.

2. Ms. King, through counsel or individually on her own behalf as a petitioner only, may submit an amended petition within **FOURTEEN (14) DAYS** of this Order. **If no amended petition is timely filed, the case will be closed.**

3. If an amended petition is filed, Ms. King must also submit the filing fee or a motion to proceed *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __13th__ day of October 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record